# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**COLLINS MCQUEEN SCULLIN FARMER,**

    **Petitioner,**

**vs.**     **Case No. 4:17cv584-MW/CAS**

**UNKNOWN,**

    **Respondent.**
_____/

## REPORT AND RECOMMENDATION

Petitioner, who is pro se, initiated this case on December 20, 2017, by mailing to the Court a petition for writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  Petitioner paid the filing fee.  ECF No. 2.  The petition was reviewed on January 5, 2018, and deemed insufficient to proceed because Petitioner did not name a Respondent and did not demonstrate she was being held or otherwise detained in custody.  The petition also included inconsistent assertions because Petitioner said she was "being held on orders by state authorities," while also stating that she was "being held on an immigration charge."  Immigration charges are brought by federal authorities, not state authorities.

Thus, an Order was issued requiring Petitioner to file an amended petition. ECF No. 4. It was, however, doubtful that the Order would reach Petitioner because her address did not appear valid. Petitioner also provided one address in the petition, but another even more insufficient address on the mailing envelope. That concern was realized when documents mailed to Petitioner were returned as undeliverable. ECF No. 6. However, the docket reflects that Petitioner came to the Clerk's Office and was personally provided the Order by staff. *See* ECF No. 5. Petitioner did not comply with that Order, however. Instead, Petitioner returned the blank habeas petition form, unsigned, along with the Order, presumably, by stuffing them through or under the courthouse doors after hours. *Id.*

She did, nevertheless, submit a documents which would appear to be a notice of change of address. ECF No. 7. She has not, however, complied with the prior Order. Her deadline to do so was January 26, 2018. ECF No. 4. Petitioner was advised that if she did not comply, a recommendation would be made to dismiss this case. *Id.* Dismissal is now appropriate.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** because the initial petition for writ of habeas corpus, ECF No. 1, is insufficient and Petitioner has failed to file an amended petition as required.

**IN CHAMBERS** at Tallahassee, Florida, on January 31, 2018.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**